IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-73,460-02




EX PARTE BLAY RUFFINO, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1112972-A
IN THE 177TH DISTRICT COURT FROM HARRIS COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver 4 to 200 grams of heroin. A jury found him guilty, and the trial court assessed a
sentence of thirty years in prison. The conviction was affirmed on direct appeal. Ruffino v. State, No.
14-07-000476-CR (Tex.App.—Houston [14th Dist.] del. July 29, 2008).
            Applicant asserts that his trial counsel was ineffective regarding the challenge to the
admissibility of drug evidence seized by police without a warrant. He argues that police unlawfully
detained and arrested him when there was neither reasonable suspicion for an investigative detention
nor probable cause for an arrest, that his consent to search a black bag he had with him and a locked
box inside the bag was tainted by the unlawful detention and arrest and was not freely and voluntary
given, that his black bag and locked box were consequently unlawfully searched, and that the heroin
found inside the locked box should have been suppressed as the “fruit of the poisonous tree.” See
Wong Sun v. United States, 371 U.S. 471 (1963); State v. Iduarte, 268 S.W.3d 544, 550 (Tex. Crim.
App.2008). Counsel, however, stated that he had no objection to the drug evidence being admitted
at trial, and the issues that were litigated before trial in a suppression hearing were not preserved for
appeal. He also alleges that had trial counsel called him to testify at the suppression hearing, he
would have provided additional testimony that would have resulted in the trial court granting the
motion to suppress or would have provided additional evidence that the trial court’s denial of the
suppression motion was in error.
            The trial court has entered findings of fact and conclusion of law and recommends that relief
be granted. This Court disagrees. Although Applicant has established deficient performance of trial
counsel for failing to preserve for appellate review the challenge to the search and seizure, Applicant
fails to show resulting harm. See Strickland v. Washington, 466 U.S. 668, 687 (1984). 
            Applicant fails to show that the investigative detention was not based on specific and
articulable facts, which, taken together with rational inferences from those facts, reasonably
warranted the intrusion, see Terry v. Ohio, 392 U.S. 1 (1968); Alabama v. White, 496 U.S. 325,
329-32 (1990); he fails to show that the investigative detention transformed into an unlawful arrest,
see Florida v. Royer, 460 U.S. 491, 504 (1983); Michigan v. Summers, 452 U.S. 692, 702-3 (1981);
and he fails to show that his consent to search was not freely and voluntarily given, see Schneckloth
v. Bustamonte, 412 U.S. 218 (1973). Further, even if the initial investigative detention was unlawful
or, if permissible, transformed into an unlawful arrest, Applicant fails to show that the taint
otherwise inherent in the illegality had not dissipated when he consented to the search of his black
bag and locked box. See Brick v. State, 738 S.W.2d 676 (Tex. Crim. App. 1987); Wong Sun v.
United States, supra; Schneckloth v. Bustamonte, supra. Applicant also does not demonstrate that
the result of the proceedings would have been different had he testified at the motion to suppress
hearing. See Strickland v. Washington, supra. After this Court’s independent review of the entire writ
record, relief is denied.
Filed: May 15, 2013
Do not publish